UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| KRISTOFER LOY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No. 3:12-cv-096-TLS |
| ) | |
| NORFOLK SOUTHERN ) | |
| RAILWAY COMPANY, ) | |
| ) | |
| Defendant. ) | |

**BRIEF IN SUPPORT OF**
**DEFENDANT'S MOTION FOR MISTRIAL**

The Court should grant Norfolk Southern's Motion for Mistrial because no proper jury instruction could cure the prejudice that Norfolk Southern has suffered as a result of Plaintiff's introduction of evidence that workers compensation benefits are unavailable and that the FELA is his exclusive remedy for his injuries.

A mistrial is proper when evidence or argument is so prejudicial as to deny the objecting party a fair trial. *Testa v. Village of Mundelein, Illinois*, 89 F.3d 443, 446 (7th Cir. 1996). When a curative instruction is given, the court must "presume [ ] that the jury will follow an instruction to disregard inadmissible evidence unless there is an 'overwhelming probability' that the jury will be unable to follow the court's instructions and a strong likelihood that the effect of the evidence would be 'devastating'. . . ." *United States v. Soria,* 965 F.2d 436, 441 (7th Cir.1992) (quoting *Greer v. Miller,* 483 U.S. 756, 766 n. 8 (1987)). But "[a]t some point judicial presumptions must give way to common sense, and the formulaic recitation of a pro forma limiting instruction may not suffice to cure an error." *Barber v. City of Chicago*, 725 F.3d 702, 717 (7th Cir. 2013).

Under Seventh Circuit precedent, the court may not instruct the jury in an FELA action that workers compensation benefits are unavailable or that the FELA is plaintiff's exclusive

remedy. *See* S*chmitz v. Canadian Pacific Railway Co.*, 454 F.3d 678 (7th Cir. 2006). In *Schmitz*, a jury question asked the court whether plaintiff had received medical or workers compensation benefits for his injuries. In light of the question, plaintiff requested an instruction explicitly stating that plaintiff could not recover workers compensation benefits as a result of his injuries. The trial court refused to give the instruction, and instead admonished the jury that the issues of medical and workers compensation benefits were "simply not before the court or the jury." On appeal, plaintiff argued that the court's failure to give his requested instruction was reversible error. The Seventh Circuit held that the trial court's refusal to give the instruction was proper, and noted that such an instruction could have prejudiced the railroad:

> A jury instruction that Schmitz had no means of recovery other than FELA could have prejudiced Canadian Pacific if the jury was moved to find for Schmitz out of concern that his injury might otherwise go uncompensated. Other circuits have held such an instruction to be inappropriate, *see Stillman v. Norfolk & W. Ry. Co.,* 811 F.2d 834, 838 (4th Cir.1987); *Weinell v. McKeesport Connecting R.Co.,* 411 F.2d 510, 512 (3d Cir.1969), and we agree. The district court properly declined to instruct the jury that Schmitz was ineligible for workers' compensation payments.

*Schmitz*, 454 F.3d at 685; *see also Kansas City S. Ry. Co. v. Stokes*, 20 S.W.3d 45, 49-50 (Tex. Ct. App. 2000) (holding that instruction that plaintiff was ineligible for workers' compensation benefits was "improper, and we find that it was so prejudicial to the Railway that it caused or was reasonably calculated to cause the rendition of an improper judgment. The giving of this instruction requires a reversal of this case").

The plaintiff's proffered instruction in *Schmitz* was not an incorrect statement of the law, just as Plaintiff's statement here is not untrue. The problem is not the correctness of the statement, but the unfair influence it could have on the jury. The Seventh Circuit has determined that the threat of unfair prejudice is so great that the court may not instruct the jury on unavailability of workers compensation benefits, even though doing so would be a correct statement of the law. If the threat of prejudice from a correct statement of the law is so great that

it would be improper to instruct the jury on the issue, then the actual prejudice suffered by Norfolk Southern because of Plaintiff's introduction of the statement cannot be undone by a curative instruction. Instead of correcting the error, the curative instruction would only bring greater attention to the issue.

This is precisely the reason Norfolk Southern moved *in limine* to keep the issue out of the trial, and precisely the reason the court granted Norfolk Southern's motion *in limine*. Plaintiff's injection of the issue into the trial was a violation of the court's order granting Norfolk Southern's motion *in limine*, and can be viewed as nothing other than an improper attempt to unfairly influence the jury. If Plaintiff did not believe the issue would have any effect on the jury, he would not have improperly injected the issue into the trial. The only way that the unfair prejudice can be fully and fairly cured is by granting Norfolk Southern's motion for mistrial.

Respectfully submitted,

　/s/ David A. Locke
David A. Locke
E-mail: dal@stuartlaw.com
STUART & BRANIGIN LLP
300 Main Street, Suite 900
P.O. Box 1010
Lafayette, IN  47902-1010
Telephone: (765) 423-1561
***Attorneys for Defendant***

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of March, 2016, a copy of the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system.  Parties may access this filing through the Court's CM/ECF system.  Notice of this filing will be sent to the following by operation of the Court's electronic filing system:

George T. Brugess               John M. Power
gbrugess@coganpower.com         jpower@coganpower.com

　/s/ David A. Locke
David A. Locke

807735.1