**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| KRISTOFER LOY, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Court No. 3:12-CV-00096-TLS |
| ) | |
| NORFOLK SOUTHERN RAILWAY ) | |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR DEDUCTIONS AND WITHHOLDINGS AT TIME OF SATISFACTION OF JUDGMENT**

NOW COMES the Plaintiff, KRISTOFER LOY, by and through his attorneys, COGAN & POWER, P.C. and in Response to Defendant, NORFOLK SOUTHERN RAILWAY COMPANY's, Motion for Deductions & Withholdings At Time of Satisfaction of Judgment. In opposition thereof, Plaintiff states as follows:

**OVERVIEW**

1. This case is brought under the Federal Employers' Liability Act (FELA). Plaintiff's claim is in two counts -- one that the railroad violated the Federal Safety Appliance Act (FSAA) that requires railroad cars to couple automatically on impact; and second that the railroad failed to provide Loy with a reasonably safe place to work.

2. The case was tried to verdict which concluded on Friday, March 4, 2016. The jury found for the Plaintiff and against Norfolk Southern on their failure to provide Mr. Loy with a reasonably safe place to work. They also found Plaintiff partially responsible and reduced the verdict by 25%.

3. Before the jury returned its verdict, the Defense moved to delay entry of a verdict until Norfolk Southern could calculate and withhold the employee portion of the Railroad Retirement Taxes pursuant to 26 U.S.C. § 3201(a).

**I.     NORFOLK SOUTHERN FAILED TO PROVIDE ANY PROOF DURING THE TRIAL THAT CASH ADVANCES WERE MADE TO PLAINTIFF. THEREFORE, NORFOLK SOUTHERN IS NOT ENTITLED TO NOW SUPPLEMENT THE RECORD FOR ITS FAILURE OF PROOF.**

4. Defense asserts that Plaintiff received cash advances from Norfolk Southern in the amount of $40,000.00 between April 20, 2009 and July 8, 2010.

5. They attach receipts for various cash advances which total $40,000.00.

6. Norfolk Southern asks this Court to reduce the judgment rendered against it by these cash advance amounts.

7. Unfortunately for the Railroad, Norfolk Southern failed to provide a scintilla of <u>evidence</u> that any cash advances were obtained by Mr. Loy during the trial. The trial record is devoid of any testimony or exhibits which support this post-trial request.

8. Norfolk Southern now asks for the extraordinary relief to essentially create new evidence in this post-trial proceeding to provide it with relief which it never sought during the trial.

9. Norfolk Southern's request must be denied as there was a complete failure of proof during the trial. This request is no different than if Plaintiff forgot to submit $40,000.00 in medical bills during the trial and then asked the Court for addittur for the damages it never presented to the jury.

10. Therefore, Plaintiff requests that this Court deny the Defendant's request for a deduction from the Plaintiff's jury verdict.

**II.   PLAINTIFF ACKNOWLEDGES THAT THE RAILROAD RETIREMENT BOARD IS ENTITLED TO A WITHHOLDING OF $23,858.73 FROM PLAINTIFF'S NET VERDICT OF $937,500.00**

11.   Next, Defense asserts that because the Plaintiff received short-term disability in the amount of $23,858.73 from the Railroad Retirement Board (RRB), the RRB is entitled to reimbursement from the net verdict under the Railroad Unemployment Insurance Act (RUIA), 45 U.S.C. § 35-369.

12.   The Plaintiff does not dispute that he received benefits from the RRB in the amount of $23,858.73.

13.   Moreover, the Plaintiff does not dispute that RUIA gives the RRB a statutory right of reimbursement when the employee receives payment from a FELA lawsuit such as *Loy*.

14.   Accordingly, Plaintiff agrees that $23,858.73 should be withheld from the net verdict of $937,500.00 by Norfolk Southern to reimburse the Railroad Retirement Board.

**III.   PURSUANT TO <u>MARLIN</u> & <u>COWDEN</u>, THE RAILROAD RETIREMENT TAX ACT DOES NOT PERMIT WITHHOLDINGS FROM PLAINTIFF'S JURY VERDICT**

15.   The Railroad claims that Plaintiff's personal injury jury verdict should be taxable pursuant to the Railroad Retirement Tax Act (RRTA).

16.   As recently as 2014 and 2016, Federal courts have held that a jury verdict for personal injuries is exempt from withholdings under the RRTA, and the RRA should be interpreted as an entirely separate statutory scheme. <u>Marlin v. BNSF Ry Co.</u>, 2016 WL 825146 (S.D.Ia. January 29, 2016)

17.   Pursuant to the Southern District of Iowa in <u>Marlin v. BNSF Ry Co.</u>, 2016 WL 825146 (S.D.Ia. January 29, 2016) and the Eastern District of Missouri in <u>Cowden v. BNSF Ry.</u>

Co., 2014 WL 3096867 (E.D.Mo. July 7, 2014), Defendant's motion must be denied and the jury verdict for the Plaintiff must be entered, *instanter*.

18. In Marlin, Federal Court Judge Gritzner held that a jury's award of damages for personal injuries is exempt from withholdings under the RRTA. Marlin, 2016 WL 825146 (S.D.Ia. January 29, 2016) at *6.

19. Akin to the Plaintiff in Loy, the Marlin plaintiff brought an action against BNSF under FELA due to BNSF's failure to provide a safe place to work. Id. at *1. The plaintiff presented evidence that he sustained a physical injury resulting from BNSF's negligence, as well as evidence showing that due to his physical injury, the plaintiff sustained wage loss and would sustain future wage loss. Id. at *4.

20. Marlin relied on Cowden precedent and its analysis of the definition of "compensation" under the RRTA, contrasting its definition from the one cited in the RRA. Cowden v. BNSF Ry. Co., 2014 WL 3096867 (E.D.Mo. July 7, 2014). Id. at *2.

21. In Cowden, the court reasoned that while the RRA specifically "included personal injury payments in its definition of compensation," the definition of "compensation" in the RRTA did not. Id. at *4. Accordingly, the RRA's statutory framework demarks stark differences between the RRA and the RRTA that should be interpreted in light of these differences. Id. at *3.

22. Cowden considered Congressional intent behind amendments to the RRTA, wherein language addressing payments for time lost and payments for personal injury was removed, and then examined whether at least a portion of the plaintiff's award fell within the personal injury exclusion in 26 U.S.C. § 104(a)(2)." Id. at *6-9.

23. 26 U.S.C. § 104(a)(2) in relevant part provides, "… [G]ross income does not include … (2) the amount of any damages (other than punitive damages) received (whether by suit

4

or agreement and whether as lump sums or as periodic payments) on account of personal physical injuries or physical sickness." 26 U.S.C. § 104(a)(2)(West 2015).

24. Cowden reasoned that "since the term 'income' is broader than the term 'wages', if plaintiff's verdict qualifies as an exclusion from income, it must also qualify as an exclusion from wages." Cowden, 2014 WL 3096867 at *10 (E.D.Mo. July 7, 2014)citing Redfield v. Ins. Co. of N. Am., 940 F.2d 542, 548 (9th Cir. 1991).

25. Both Marlin and Cowden held that "the case law and regulatory rulings have made it clear that when a jury award is received for personal injury in a tort or tort-type proceeding, the whole award is excludable from income under 26 U.S.C. § 104(a), even if included in the award is an amount for lost earnings." Marlin, 2016 WL 825146 (S.D.Io. January 29, 2016) at *3.

26. Thus, when a plaintiff's entire verdict is based upon his physical injury, including both taxable compensation for lost pay and excludable damages for personal injury, the verdict is excluded from RRTA withholdings under § 104(a)(2). Id. at *5.

27. Marlin and Cowden are instructive to the case at bar.

28. Here, the Defendant cites a number of older and distinguished cases which purportedly held that personal injury verdicts and settlements are taxable.

29. The most recent case cited by Defense in support of its position is Phillips v. Chicago Cent. & Pac. R.R. Co. 853 N.W.2d 636, 644 (Iowa 2014). Phillips stands for the proposition that "time lost is properly taxed as compensation under the RRTA".

30. However, what the Defense intentionally omitted from its analysis the operative fact that Phillips failed to examine the ***personal injury exclusion*** of 26 U.S.C. § 104(a)(2). 853 N.W.2d 636, 644 (Iowa 2014)(emphasis added).

31. Marlin and Cowden specially analyzed the reasoning in Phillips, rejected it, and stated as follows:

>  Phillips simply ignores the fact that, even assuming that the term 'compensation' includes other types of pay for lost wages, damages for lost wages due to personal injury are treated differently than are other lost pages under both section 104(a)(2) of the Code and Federal case law. Phillips does not even mention the fact that amounts recovered in suits or settlements in personal injury are not included within the definition of income or wages, and are not subject to income or FICA taxes, and this court finds the failure to address this argument fatal to its position.

Id. at *4.

32.　　In Loy, the jury awarded Kristopher Loy damages based upon physical injuries he sustained from the negligence of Defendant, Norfolk Southern. The jury entered a general verdict, which may have included lost pay and lost earnings.

## CONCLUSION

33.　　In summary, Plaintiff requests the Court rule as follows:

  a)　　The Defendant's request for a deduction for cash advances must be denied based upon a complete failure of proof by the Defense and an inappropriate request to add new evidence to support its claim;

  b)　　That the Court reduce the net verdict by $23,858.73 payable to the Railroad Retirement Board based on its lien;

  c)　　That the Court deny Defendant's request to tax the Plaintiff's jury verdict based upon the reasoning and holdings in Marlin and Cowden.

>  Respectfully submitted,
>  Plaintiff, KRISTOFER LOY
>
>  By:　　/s/George Brugess
>  　　　　Attorneys for Plaintiff

George Brugess, Esq.
John M. Power, Esq.
**Cogan & Power, P.C.**
1 E Wacker Drive, Suite 510
Chicago, Illinois 60601
(312)477-2500/ (312)477-2501(fax)

## **CERTIFICATE OF SERVICE**

George Brugess certifies that he served a copy of **Plaintiff's Response to Defendant's Motion for Deductions and Withholdings at Time of Satisfaction of Judgment** upon the attorney listed below by e-filing with the United States District Court of the Northern District of Indiana and by U.S. Mail, by placing a copy thereof in the United States Mail Box located at 7300 W. College Drive, Palos Heights, IL 60463, addressed as below, with proper postage affixed at or before 5:00 p.m. on March 23, 2016.

>David Locke
>John C. Duffey
>Stuart & Branigin LLP
>300 Main Street, Suite 900, POB 1010
>Lafayette, IN 47902-1010
>dal@stuartlaw.com
>jcd@stuartlaw.com

>/s/George Brugess
>George Brugess

Cogan & Power, P.C.
7300 W. College Drive, Suite 205
Palos Heights, IL 60463
(708)671-8153 (Office)
(708)827-5514 (Facsimile)
gbrugess@icloud.com